IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JOHNIE BARTON AND WIFE, JANICE BARTON, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| AMERICAN PETROLEUM TANKERS LLC, INTREPID SHIP MANAGEMENT, INC., AND INTREPID PERSONNEL & PROVISIONING, INC., | § § § § § § | |
| *Defendants.* | § | |

PLAINTIFFS' ORIGINAL COMPLAINT

To the Honorable United States District Court Judge Jeffrey V. Brown:

**COME NOW JOHNIE BARTON** and **JANICE BARTON**, Plaintiffs herein, and file their Original Complaint, complaining of and about **AMERICAN PETROLEUM TANKERS, LLC, INTREPID SHIP MANAGEMENT, INC.** and **INTREPID PERSONNEL & PROVISIONING, INC.**, Defendants herein, and for cause of action would show the following:

**I. Parties and Service**

1.      Plaintiffs, JOHNIE BARTON and JANICE BARTON, are individuals residing in Liberty County County, Texas.

2.      Defendant, AMERICAN PETROLEUM TANKERS, LLC, is a limited liability company doing business in Texas.  Notice of a Lawsuit and Request to Waive Service of Summons will be forwarded to attorney Christopher L. Evans, Adams & Reese, Lyondell

Basell Tower, 1221 McKinney, Suite 4400, Houston, Texas, 77010, pursuant to Rule 4(d)(1) of the Federal Rules of Procedure.

3.      Defendant, INTREPID SHIP MANAGEMENT, INC., is a foreign for-profit corporation doing business in Texas.  Notice of a Lawsuit and Request to Waive Service of Summons will be forwarded to attorney Christopher L. Evans, Adams & Reese, Lyondell Basell Tower, 1221 McKinney, Suite 4400, Houston, Texas, 77010, pursuant to Rule 4(d)(1) of the Federal Rules of Procedure.

4.      Defendant, INTREPID PERSONNEL & PROVISIONING, INC., is a foreign for-profit corporation doing business in Texas.  Notice of a Lawsuit and Request to Waive Service of Summons will be forwarded to attorney Christopher L. Evans, Adams & Reese, Lyondell Basell Tower, 1221 McKinney, Suite 4400, Houston, Texas, 77010, pursuant to Rule 4(d)(1) of the Federal Rules of Procedure.

## II.  Statement of Jurisdiction

5.      Pursuant to U.S.C. § 1332, the Court has jurisdiction over the lawsuit because Plaintiffs and Defendants are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs of court.

## III.  Venue

6.      Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.  Factual Background

7.      On or about September 7, 2021, Plaintiff, JOHNIE BARTON, was working on the docks of the Houston Ship Channel, a body of navigable water, as a longshoreman for Houston Mooring Company, Inc.  While the Plaintiff was maneuvering to secure the tow

lines of a marine vessel to the dock, he was severely injured when he was, suddenly and without warning, struck by a large mass of mud that fell from the anchor of the vessel.

8.     The marine vessel involved in the incident described above was the Evergreen State.  It is an oil/chemical tanker measuring 183 x 32.2 meters with a gross tonnage of 29,606.  On the occasion in question, the MV Evergreen State was owned and/or operated by the Defendants AMERICAN PETROLEUM TANKERS, LLC. and INTREPID SHIP MANAGEMENT, INC. and the employer of the crew of the vessel was Defendant, INTREPID PERSONNEL & PROVISIONING, INC.

9.     Defendant, American Petroleum Tankers, LLC is engaged in the domestic or Jones Act marine transportation of crude oil, condensate, and refined products. The operating state class tanker ship, MV Evergreen State, is owned by Defendant American Petroleum Tankers, LLC.

10.    Defendant, Intrepid Ship Management, Inc., is engaged in operating vessels for the marine transportation of freight.  Upon information and belief, Intrepid Ship Management, Inc. was operating the MV Evergreen State for Defendant American Petroleum Tankers, LLC on the date of the incident giving rise to this litigation.

11.    Defendant, Intrepid Ship Personnel & Provisioning, Inc., is engaged in providing miscellaneous marine transportation services.  Upon information and belief, Intrepid Personnel & Provisioning was the employer of the crew of the MV Evergreen State on the occasion in question.

12.    As a result of the incident on September 7, 2021, Plaintiff JOHNIE BARTON sustained a spinal cord injury as well as spinous process fractures at C7 and T1, a burst fracture at T-8, and a compression fracture at L-1.  His injuries required surgery and he underwent an anterior cervical discectomy and fusion from C3-C6 on September 8, 2021.  Mr. Barton is still receiving treatment for his injuries and is not able to work.

13. The incident of September 7, 2021 was a direct and proximate result of the negligence and/or gross negligence, and willful, knowing and/or wanton conduct and/or fault of Defendants, **AMERICAN PETROLEUM TANKERS, LLC, INTREPID SHIP MANAGEMENT, INC.** and **INTREPID PERSONNEL & PROVISIONING, INC.**, and/or their agents, servants and/or employees for whom they are responsible.

14. As a result of Defendants' negligent acts and conduct, Plaintiffs have suffered damages for which they now sue.

## V. Count 1 - Negligence

15. Defendants, both individually and collectively, and acting by and through their agents, servants and/or employees, acted negligently and with reckless disregard for the safety of persons similarly situated as Plaintiff on the occasion in question. That is, Defendants owed a duty to exercise the degree of care that a reasonably careful person would use to prevent harm to others under circumstances similar to those described herein. Defendants breached this duty, which proximately caused the injuries to Plaintiffs and their damages.

16. In this connection, Plaintiffs will show that the Defendants, knew or by the exercise of reasonable care should have known, that the anchor on the MV Evergreen State could be mired with debris when it emerged from the water and, as such, any debris on the anchor would create an unreasonably dangerous condition. Plaintiffs will further show that the Defendants were negligent in one or more of the following particulars:

   a. In failing to properly supervise the operation of the anchor of the MV Evergreen State;

   b. In failing to maintain a proper lookout while the anchor of the MV Evergreen State was being operated;

      c. In failing to properly maintain the anchor of the MV Evergreen State;

      d. In failing to properly inspect the anchor of the MV Evergreen State for debris;

      e. In failing to clear the debris attached to the anchor of the MV Evergreen State;

      f. In failing to remove persons who were working in close proximity to the ship's suspended anchor when Defendants knew, or should have known, that debris attached to the ship's anchor had created a falling debris hazard;

      g. In failing to warn Plaintiff of the danger of falling debris attached to the ship's anchor that was suspended over him; and,

      h. In failing to properly develop, implement, and maintain proper safety procedures and protocol for keeping the ship's anchor free of debris.

17. The injuries and damages sustained by Plaintiffs were proximately caused by the negligent actions and conduct of the Defendants.

## VI. Count II – Gross Negligence

18. Plaintiffs will show that Defendants' acts or omissions, both individually and by and through their agents, servants and/or employees, were such that when viewed objectively from the standpoint of the actor at the time of the occurrence involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs, and others similarly situated, and/or with malice, which was also a proximate cause and/or a producing cause of injuries and damages to Plaintiffs.

## VII. Vicarious Liability & Respondeat Superior

19. Defendants are vicariously liable for the acts and omissions of their agents, servants and/or employees, who were employed by, or in an agency or contractual relationship with the above-named Defendants at all times material hereto, and Plaintiffs hereby invoke the doctrines of agency, ostensible agency, and/or agency by estoppel

with respect to that relationship, as those doctrines are understood and employed under Texas law.

20. The agents, servants and/or employees responsible were employed by Defendants and were working within the course and scope of their employment with the above-named Defendants at the time and on the occasion in question. Accordingly, Defendants are legally liable for the negligent acts or their agents, servants and/or employees.

## VIII. Damages

**A. Damages - Compensatory**

21. As a result of the negligence of the Defendants, Plaintiff, JOHNIE BARTON, suffered severe and disabling physical injuries to his body requiring surgery and extensive medical treatment.

22. Specifically, but not in limitation, Plaintiff, JOHNIE BARTON, has suffered and continues to suffer damages in many respects, including but not limited to the following:

   a. Reasonable medical expenses in the past and future;

   b. Physical pain and suffering in the past and future;

   c. Mental anguish in the past and future;

   d. Physical impairment in the past and future;

   e. Physical disability in the past and future;

   f. Physical disfigurement in the past and future;

   g. Wage loss in the past and future; and,

   h. Diminished earning capacity in the past and future.

### B.     Exemplary & Punitive Damages

23.    Plaintiffs JOHNIE BARTON and JANICE BARTON further seek exemplary or punitive damages in a sum sufficient to deter other similar Defendants from engaging in the same or similar conduct or omissions as committed by Defendants.

24.    Plaintiffs believe that exemplary damages should be awarded as a penalty or by way of punishment in an appropriate amount to make Defendants appreciate the gravity of their actions.

## IX.  Loss of Consortium

25.    Plaintiff, **JOHNIE BARTON** and Plaintiff, **JANICE BARTON**, were married at the time of the incident made the basis of this lawsuit.  Although Janice Barton did not suffer physical injury, she has experienced a loss of consortium in her relationship with her husband, as that term is understood in law.  Further, she has experienced and will, in all reasonable probability, suffer a loss of household services provided by her spouse.

## X. Claims for Relief Statement

26.    The amount of Plaintiffs' damages is substantial and well in excess of the jurisdictional limits of this Court. Many of the elements of Plaintiffs' damages, including past and pain and suffering, past and future mental anguish, past and future physical impartment, and future lost earning capacity, cannot be determined with mathematical precision. Furthermore, the determination of many of these elements of damages are particularly within the province of the jury. Accordingly, Plaintiffs do not, at this time, seek any certain amount of damages for any of these particular elements of damages, but would instead rely upon the collective wisdom of the jury to determine an amount that would fairly and reasonably compensate them.

27.     Plaintiffs provide that they seek monetary relief of over $1,000,000.00. However, Plaintiffs reserve the right to file an amended pleading on this issue should subsequent evidence show this figure to be either too high or too low.

### XI.  Demand for Jury Trial

28.     Plaintiffs hereby request a jury trial and tenders the appropriate fee with the filing of this petition.

### XII.  Prayer

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that Defendants, **AMERICAN PETROLEUM TANKERS, LLC, INTREPID SHIP MANAGEMENT, INC.** and **INTREPID PERSONNEL & PROVISIONING, INC.**, be cited in terms of law to appear and answer herein, and that upon final hearing hereon, for judgment of and against Defendants in an amount in excess of the minimum jurisdictional limits of this Court; pre-judgment interest and post-judgment interest as allowed by law; for exemplary and punitive damages, for costs of court, and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may show themselves justly entitled.

**Respectfully Submitted,**

                                      **APFFEL LEGAL, PLLC**

By: _____
DARRELL A. APFFEL
State Bar No. 01276600
Darrell@apffellegal.com
D. BLAKE APFFEL
State Bar No. 24081911
Blake@apffellegal.com
JESSICA CLARK
State Bar No. 24095810
Jessica@apffellegal.com
P. O. Box 1078
Galveston, TX  77553
104 Moody Ave. (21st), Suite 101
Galveston, TX 77550
Telephone: (409) 744-3597
Telephone: (281) 992-2324
Facsimile: (281) 612-9992

*ATTORNEYS FOR PLAINTIFFS*